THE defendant was indicted for stealing wood, the property of Mr. Thompson.
The taking was proved, and on a question concerning the right of property, the witness said he had purchased the wood of Mr. McCaulley, and had a bill of sale for it.
Fisher, for the prisoner, now objected that any other evidence of property should be given than the bill of sale; and he cited State *Page 496 
vs. Burris, where on an indictment for aiding a slave to escape, parol evidence of the property in the slave was excluded, when it appeared that there was a bill of sale.
Booth, jr., contended, that in prosecutions for larceny, possession had always been considered sufficient evidence of property.
The Court divided on the question.
Court. — Burris was indicted for enticing away the slave of Jonathan Green; and on the trial it was necessary of course to prove the status or condition of the negro woman. Her slavery did not appear, either from the possession of her, or from her color. The presumption of law was the contrary, as freedom is presumed. Such presumption is not rebutted by the fact that the person was in the possession of, or rendering service to, another. He might be so as an hireling. His condition must, therefore, be shown, and where that appears to be evidenced by writing, the writing must be produced, as the best evidence.
But possession of a mere chattel is prima facie evidence of property, and has always been admitted, without further proof of property.